IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-181-D

COLORADO BANKERS LIFE )
INSURANCE COMPANY, )
)
            Plaintiff, )
)
v. ) **ORDER**
)
ACADEMY FINANCIAL ASSETS, LLC, )
)
            Defendant. )

On January 31, 2023, Colorado Bankers Life Insurance Company ("Colorado Bankers" or "plaintiff") filed a complaint in Wake County Superior Court [D.E. 1-1]. On April 7, 2023, Academy Financial Assets, LLC ("Academy" or "defendant") removed the action from Wake County Superior Court [D.E. 1] and filed exhibits in support [D.E. 1-1, 1-2, 1-3, 1-4, 1-5]. On April 14, 2023, Academy moved to dismiss the complaint for failure to state a claim upon which relief can be granted [D.E. 8] and filed exhibits [D.E. 8-1, 8-2, 8-3, 8-4] and a memorandum in support [D.E. 9]. Essentially, Academy contends that Colorado Bankers failed to serve the lawsuit within the three-year statute of limitations and that the lawsuit is untimely. Alternatively, Academy contends that Colorado Bankers has failed to state a breach of contract claim. On May 5, 2023, Colorado Bankers responded in opposition [D.E. 16]. As explained below, the court rejects Academy's arguments and denies Academy's motion to dismiss.

I.

On March 31, 2017, Colorado Bankers and various affiliates entered into a loan agreement. See [D.E. 8-1] 1. The loan agreement has an acceleration clause that, in the event of default, authorizes the agent to "declare all Obligations immediately due and payable." Id. at 26. The loan agreement defines "Obligations" as:

> all advances, debts, liabilities, obligations, covenants and duties of Borrower to Agent or any Lender under or in respect of any Loan Document, whether with respect to any Credit Extension or otherwise, whether direct or indirect (including those acquired by assumption), absolute or contingent, <u>due or to become due</u>, now existing or hereafter arising and including interest and fees that accrue after the commencement by or against Borrower or any Affiliate thereof of any proceeding under any Bankruptcy Law naming such Person as the debtor in such proceeding, regardless of whether such interest and fees are allowed claims in such proceeding.

Id. at 7 (emphasis added).

On June 27, 2019, Colorado Bankers and various affiliates entered into an amendment to the loan agreement with Academy and various affiliates. See Compl. [D.E. 1-1] ¶ 27. Under that amendment, when a borrower fails to pay the interest payment due on February 1, 2020, that qualifies as an event of default. See id. at ¶ 29. Colorado Banker alleges that Academy missed its payment due on February 1, 2020, and thereby breached the amendment to the loan agreement. See id. at ¶¶ 25–31.

Academy responds that under the amendment, the parties agreed to defer loan payments for a period of time. See [D.E. 9] 1–2. Some borrowers would then be required to make quarterly interest only payments beginning with the quarter starting on February 1, 2020, and other borrowers would not be required to make such payments, because their loans were not accruing interest. See id. at 2. Academy alleges that its loan was among those intended to be treated as being exempt from making the quarterly payments. See id.

On January 31, 2023, Colorado Bankers filed a complaint in Wake County Superior Court alleging breach of contract and requesting foreclosure on collateral. See [D.E. 1-1]. On March 9, 2023, Colorado Bankers served Academy. See [D.E. 1-2]. On March 10, 2023, Academy accepted service. See id. at 2.

On April 7, 2023, Academy removed this action from Wake County Superior Court [D.E. 1]. On April 14, 2023, Academy moved to dismiss [D.E. 8]. See Fed. R. Civ. P. 12(b)(6). On May 5, 2023, Colorado Bankers responded in opposition [D.E. 16].

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [its] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

3

Academy admits that Colorado Bankers filed its complaint within the three-year statute of limitations period. See [D.E. 9] 6. Nonetheless, Academy argues that because Colorado Banker did not serve Academy with the summons and complaint until approximately a month outside the statute of limitations period, the statute of limitations bars Colorado Bankers breach of contract claim. See id.; N.C. Gen. Stat. § 1-52(1).

A party may raise an affirmative defense based on the statute of limitations under Federal Rule of Civil Procedure 12(b)(6) rather than Rule 8(c) if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint." Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993); see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). In other words, the complaint must clearly allege "all facts necessary to the affirmative defense." Goodman, 494 F.3d at 464. When the facts necessary to the affirmative defense are not apparent on the face of the complaint, discovery (not dismissal) is appropriate. See, e.g., Cruz v. Maypa, 773 F.3d 138, 146–47 (4th Cir. 2014).

A "cause of action for breach of contract accrues, and the statute of limitations period begins to run, '[a]s soon as the injury becomes apparent to the claimant or should reasonably become apparent[.]'" ABL Plumbing & Heating Corp. v. Bladen Cnty. Bd. of Educ., 175 N.C. App. 164, 168, 623 S.E.2d 57, 59 (2005) (quoting Liptrap v. City of High Point, 128 N.C. App. 353, 355, 496 S.E.2d 817, 819, disc. review denied, 348 N.C. 73, 505 S.E.2d 873 (1998)) (alteration in original) see Jackson v. Minn. Life Ins. Co., 275 F. Supp. 3d 712, 728 (E.D.N.C. 2017) (collecting cases); Mtn. Land Props., Inc. v. Lovell, 46 F. Supp. 3d 609, 626 (W.D.N.C. 2014); MacDonald v. Univ. of N.C. at Chapel Hill, 299 N.C. 457, 463, 263 S.E.2d 578, 582 (1980).

Sitting in diversity, this court must predict how the Supreme Court of North Carolina would rule on any disputed state law issues. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See id.; Parkway 1046, LLC v. U.S. Home Corp., 961 F.3d

4

301, 306 (4th Cir. 2020); Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from the Supreme Court of North Carolina, this court may consider the opinions of the North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation omitted). In predicting how the highest court of a state would address an issue, this court must "follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Toloczko, 728 F.3d at 398 (quotations omitted); see Hicks v. Feiock, 485 U.S. 624, 630 & n.3 (1988). Moreover, in predicting how the highest court of a state would address an issue, this court "should not create or expand a [s]tate's public policy." Time Warner Ent.-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); see Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4 (1975) (per curiam); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999).

Colorado Bankers' breach of contract claim accrued on February 1, 2020. North Carolina's three-year statute of limitations under N.C. Gen. Stat. § 1-52(1) applies to Colorado Bankers' breach of contract claim. See [D.E. 16] 1. Therefore, the three-year statute of limitations period ends on February 1, 2023. On January 31, 2023, within the three-year statute of limitations period, Colorado Bankers filed this action. See [D.E. 1-1]. On March 9, 2023, Colorado Bankers served Academy. See [D.E. 1-2].

Academy argues that an action commences when the plaintiff serves the defendant with the summons and complaint, particularly where the plaintiff unduly delays service, citing Smith v. Quinn, 324 N.C. 316, 319, 379 S.E.2d 28, 30 (1989). In Smith, the Supreme Court of North Carolina affirmed a trial court's decision that plaintiff intentionally violated North Carolina Rule of Civil Procedure 4(a) in order to gain an advantage over the defendant and held that the eight-month delay between obtaining the summons and serving it violated "the letter or spirit of the rules for the purpose of delay or obtaining an unfair advantage." Id. at 319, 379 S.E.2d at 30 (discussing N.C.

5

R. Civ. P. 4(a)). The Smith court reasoned that plaintiff's failure to serve the defendant for eight months prevented the defendant from knowledge of the alleged incident, which occurred three years earlier. Id. The Smith court affirmed the trial court's dismissal "pursuant to Rule 41(b) based upon plaintiff's violation of Rule 4(a) for the purposes of delay and in order to gain an unfair advantage over the defendant." Id. at 320, 379 S.E.2d at 31.

N.C. Gen. Stat. § 1 defines action, civil action, and when a statute of limitations begins to run, but does not state when an action commences. See N.C. Gen. Stat. §§ 1-2, 1-4, 1-6, 1-15. North Carolina Rule of Civil Procedure 3(a) provides that a "civil action is commenced by filing a complaint with the court" or "by the issuance of a summons[.]" N.C. R. Civ. P. 3. Therefore, in North Carolina a complaint must be filed or a summons must be issued for an action to commence. See, e.g., Collins v. Edwards, 54 N.C. App. 180, 182, 282 S.E.2d 559, 560 (1981) (holding that where proper summons was not issued, the action never commenced).

Colorado Bankers filed its complaint and obtained a summons within the three-year statute of limitations period. Unlike in Smith, no evidence suggests that Colorado Bankers acted in bad faith or attempted to gain an advantage over Academy by not serving the summons and complaint in the one-month period between filing the complaint and obtaining the summons and serving the summons and complaint. Moreover, the one-month period is much shorter than an eight-month delay in Smith and well within the 60-days period for service under North Carolina Rule of Civil Procedure 4(c). See N.C. R. Civ. P. 4(c). Accordingly, the three-year statute of limitations period does not bar Colorado Bankers' breach of contract claim.

As for Academy's argument that Colorado Bankers failed to state a claim for breach of contract, taking the allegations in the complaint and all reasonable inferences drawn therefrom as true, Colorado Bankers has "nudged [its] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 547; see Colorado Bankers Life Ins. Co. v. Academy Fin. Assets, LLC, No.

6

5:20-CV-474, 2023 WL 3931512, at *3 (E.D.N.C. Apr. 24, 2023) (unpublished). Accordingly, the court denies Academy's motion to dismiss under Rule 12(b)(6).

As for Academy's argument that Colorado Bankers seeks to enforce impermissible penalties, whether a contract provides for valid liquidated damages or unenforceable penalties is a question of law for the court. See Knutton v. Cofield, 273 N.C. 355, 36–61, 160 S.E.2d 29, 34 (1968); Seven Seventeen HB Charlotte Corp. v. Shrine Bowl of the Carolinas, Inc., 182 N.C. App. 128, 132, 641 S.E.2d 711, 714 (2007). Under North Carolina law, an unenforceable penalty, is "penal, and can neither be collected nor retained" based on the equitable principle of unjust enrichment. Ridley v. Jim Walter Corp., 272 N.C. 673, 679, 158 S.E.2d 869, 873 (1968); see Smith Chapel Baptist Church v. City of Durham, 350 N.C. 818, 517 S.E.2d 874, 882–83 (1999); Moore v. Cameron, 93 N.C. 51, 57–59, 1885 WL 1629 at *5–6 (1885). For example, after a loan is accelerated due to default and the lender receives payment in full, the lender cannot also seek to recover the additional interest that would have come due during the remaining life of the loan. See Ridley, 272 N.C. at 679, 158 S.E.2d at 873.

Academy argues that the acceleration provision in the loan agreement provides for the acceleration of future, unearned interest payable over the remaining term of the loan agreement and is therefore unenforceable. See [D.E. 9] 9–11. Specifically, Academy argues that the definition of the phrase "all obligations" includes unearned interest because of the phrase "due or to become due." See id. at 9. Colorado Bankers responds that it does not seek accelerated unearned interest but instead only principal and standard pre and post judgment interest. See [D.E. 16] 4–5.

The loan agreement has an acceleration clause that, in the event of default, authorizes the agent to "declare all Obligations immediately due and payable." [D.E. 8-1] 26. The loan agreement defines "Obligations" as:

> all advances, debts, liabilities, obligations, covenants and duties of Borrower to Agent or any Lender under or in respect of any Loan Document, whether with respect to any Credit Extension or otherwise, whether direct or indirect (including those acquired by assumption), absolute or contingent, due or to become due, now existing

7

or hereafter arising and including interest and fees that accrue after the commencement by or against Borrower or any Affiliate thereof of any proceeding under any Bankruptcy Law naming such Person as the debtor in such proceeding, regardless of whether such interest and fees are allowed claims in such proceeding.

Id. at 7 (emphasis added). The loan agreement does not otherwise define "obligations" or define "due." Black's Law Dictionary defines "due" as "just, proper, . . . owing or payable." DUE, BLACK'S LAW DICTIONARY (11th ed. 2019). Unearned interest is recognized in North Carolina as an unenforceable penalty. See Ridley, 272 N.C. at 679, 158 S.E.2d at 873. As such, unearned interest can never be due, and unearned interest is not part of the definition of "all obligations" in the acceleration provision of the loan agreement because it "is penal[] and can never be collected nor retained." Id., 158 S.E.2d at 873. Here, Colorado Bankers accelerated the principal amount of the underlying loan and seeks to recover that principal plus the interest accruing on the principal until it is paid in full, not the future unearned interest for the prior life of the loan. See Compl. ¶ 31. Accordingly, the acceleration provision is not an unenforceable penalty.

III.

In sum, the court DENIES defendant's motion to dismiss [D.E. 8].

SO ORDERED. This 14 day of June, 2023.

JAMES C. DEVER III
United States District Judge

8