UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| COLORADO BANKERS LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 5:23-cv-00181-D-RJ |
| v. | )<br>)<br>) |
| ACADEMY FINANCIAL ASSETS, LLC, | )<br>)<br>) |
| Defendant. | ) |

## DEFENDANT ACADEMY FINANCIAL ASSETS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Defendant Academy Financial Assets, LLC ("Defendant" or "AFA") hereby files this Answer and Affirmative Defenses to the Complaint filed by Colorado Bankers Life Insurance Company ("Plaintiff" or "CBL") on January 31, 2023, and these Original Counterclaims.

1. Defendant admits the allegation in paragraph 1.

2. Defendant admits the allegation in paragraph 2.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 3.

4. Defendant admits that it has consented to and submitted to the jurisdiction and venue of this Court.

5. Defendant admits that the Loan Agreement was executed, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits that the Loan Agreement was executed, the terms of which speak

28009784v2 92132.118.34

for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 7.

8. Defendant admits that the Loan Agreement was executed, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 8.

9. Defendant admits that the Loan Agreement was executed, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 9.

### *The IALA*

10. Defendant admits that the IALA was executed, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 10.

11. Defendant admits that the IALA was executed, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 11.

### *Default for Failure to Pay*

12. Defendant admits that the IALA was executed, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant admits that Plaintiff sent Defendant notice on March 13, 2020, that Defendant failed to make an interest payment on February 1, 2020. Defendant denies that the first interest payment was due on February 1, 2020. Unless expressly admitted, Defendant denies the allegations in paragraph 14.

15. Defendant admits that it contends that it was not obligated to make payments on the Loan Agreement. Unless expressly admitted, Defendant denies the allegations in paragraph 15.

### *Default for Breach of Representation and Warranties*

16. Defendant admits that the Loan Agreement was executed, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 16.

28009784v2 92132.118.34

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 17.

18. Defendant admits that the IALA was executed, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 18.

19. Defendant admits that Greg Lindberg provided deposition testimony which speaks for itself. Unless expressly admitted, Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

*Acceleration Based on Default*

23. Paragraph 23 contains a notice to which no response is required. Unless, expressly admitted, Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

25. Defendant incorporates by reference the responses set forth above as if fully set forth herein.

26. Defendant admits that the Loan Agreement was entered into, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 26.

27. Defendant admits that the IALA was entered into, the terms of which speak for themselves. Unless expressly admitted, Defendant denies the allegations in paragraph 27.

28. Defendant admits that the Loan Agreement and IALA referenced in paragraph 28 are valid, enforceable contracts, the terms of which speak for themselves. Unless expressly

28009784v2 92132.118.34

admitted, Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

## SECOND CAUSE OF ACTION
### (Foreclosure On Collateral)

32. Defendant incorporates by reference the responses set forth above as if fully set forth herein.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, Defendant specifically denies that Plaintiff is entitled to the relief requested or to any relief as to its causes of action. Defendant prays that Plaintiff's claims be dismissed with prejudice at Plaintiff's cost and for such other and further relief as the Court deems just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

1. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of prior material breach.

2. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of failure to mitigate damages.

3. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of unclean hands.

4. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of impossibility and/or impracticability.

5. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of frustration and/or prevention of purpose.

6. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of unilateral and/or mutual mistake.

7. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of estoppel (including judicial estoppel) and/or waiver.

8. Plaintiff is barred from recovery, in whole or in part, based on the doctrine of offset and/or payment.

9. Plaintiff is barred from recovery, in whole or in part, because Plaintiff and the other North Carolina insurance companies have obstructed or prevented Defendants from performing under the Loan Agreement and IALA.

10. Plaintiff is barred from recovery, in whole or in part, to the extent that it failed to act in good faith as a secured party in exercising remedies under the UCC.

## COUNTER-PLAINTIFF'S ORIGINAL COUNTERCLAIMS

Counter-Plaintiff Academy Financial Assets, LLC ("Borrower" or "Counter-Plaintiff") files these Original Counterclaims against Counter-Defendant Colorado Bankers Life Insurance Company ("Agent" or "Counter-Defendant"), and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1. Counter-Plaintiff Academy Financial Assets, LLC is a Delaware Limited Liability Company with a principal office in Florida.

2. Counter-Defendant Colorado Bankers Life Insurance Company is a licensed North Carolina domestic life and accident and health insurer. Pursuant to Chapter 58 of the North

Page 5 of 10

Case 5:23-cv-00181-D-RJ    Document 18    Filed 06/28/23    Page 5 of 10

28009784v2 92132.118.34

Carolina General Statutes, Agent was placed into rehabilitation by this Court by Oder of Rehabilitation, Order Appointing Receiver, and Order Granting Injunctive Relief, filed June 27, 2019.

3. This Court has jurisdiction under 28 U.S.C. 1332(a) because Counter-Plaintiff and Counter-Defendant are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper here under 28 U.S.C. 1391 because a substantial part of the events giving rise to these counterclaims occurred in this district.

**FACTS**

5. On or about March 31, 2017, Borrower, Agent, and the lenders executed a Loan and Security Agreement (the "Loan Agreement"), whereby the lenders extended a term loan in the amount of $50,000,000.00.

6. On or about September 30, 2017, Borrower, Agent, and the lenders executed an Amendment to Loan And Security Agreement ("Loan Amendment").

7. On or about June 27, 2019, pursuant to Chapter 58 of the North Carolina General Statutes, Lenders were placed into rehabilitation by Order of Rehabilitation, Order Appointing Receiver, and Order Granting Injunctive Relief.

**A. IALA Background**

8. Borrower, Lenders, and other affiliated companies entered into the Interim Amendment to Loan Agreements (the "IALA") on June 27, 2019, which modified the Loan Agreement.

9. Mike Dinius was the primary person negotiating the ILA on behalf of the lenders/agents. Greg Lindberg was the primary person negotiating the ILA on behalf of the borrowers. The ILA was put together in less than a month – with an initial draft being sent from Lindberg's team to Dinius's team in early June 2019. The initial June 3, 2019 draft was called

"Omnibus Amendment to Loan Agreements." In its original form, as drafted by Lindberg's team, it did not have an interest payment structure. Rather it just had a principal paydown requirement in the future. It was silent on interest loan payments.

10. Being drafted over the course of one month, the IALA was a "rush job" containing errors. Brian Stewart, the CFO of the insurance company, identified an error the morning the parties were supposed to sign the schedules but suggested fixing the error later. Brian Stewart brought such error in the schedules to everyone's attention. Indeed, Dinius was told of mistakes in the ILA and its exhibits right before he signed it – but he ignored them and went forward.

11. One such mistake is at the center of this litigation. Section 7 of the IALA provides that the debt instruments set forth on Exhibit G to the IALA shall bear no interest and mature on June 30, 2026. Because all of Borrower's debt has been invested into insurance holding companies and should be thus treated as Insurance Hold Co-Related Debt, the parties to the IALA intended and agreed that the Loan Agreement would be classified as Insurance Hold Co-Related Debt, and accordingly, bear no interest.

12. Nevertheless, the parties failed to properly incorporate certain "zero coupon debt" into the exhibits to the ILA – such as the Loan Agreement – as referenced in spreadsheets being circulated by the parties and later explained by a memo sent from Jared Pace to Wes Camden. As another example, Malta debt was originally included on a spreadsheet being circulated shortly before execution of the ILA that was to later become the exhibits to the ILA – but the entire Malta debt was inadvertently removed and not included in Exhibit G to the ILA as it should have been (Insurance Holdco Debt – which was to bear no interest) because those entities had no cash flow to support interest payments. Dinius told Lindberg to trust him and that they would work it out cordially down the road through amendments as needed. Dinius understood that these other

Page 7 of 10

Case 5:23-cv-00181-D-RJ    Document 18    Filed 06/28/23    Page 7 of 10

28009784v2 92132.118.34

entities, like AFA, that had no cash flow would not be required to make interest payments (which led to some later further duplicate adjustments).

13. However, the IALA, through mutual mistake of the parties, does not reflect the parties' intent and agreement and instead classifies the Loan Agreement as "Senior Loans" that bear interest at five percent (5%) per annum.

## REFORMATION OF THE IALA

14. Borrower incorporates by reference all allegations hereinabove stated.

15. On or about March 31, 2017, CBL and the lenders entered into a term loan of $50,000,000 to Borrower.

16. On or about September 30, 2017, Borrower, Agent, and the lenders executed the Loan Agreement, which modified the Loan Agreement.

17. On or about June 27, 2019, Borrower, Agents, and affiliate companies entered into the IALA.

18. The IALA is a valid and binding agreement.

19. Section 7 of the IALA provides that the debt instruments set forth on Exhibit G to the IALA shall bear no interest and mature on June 30, 2026.

20. The IALA defines these debts as "Insurance Hold Co-Related Debt."

21. The parties to the IALA intended and agreed that the Loan Agreement would be classified as Insurance Hold Co-Related Debt, and accordingly, bear no interest.

22. Specifically, all of Borrower's debt has been invested into insurance holding companies and should thus be treated as Insurance Hold Co-Related Debt.

23. However, the IALA, through mutual mistake of the parties, does not reflect the parties' intent and agreement and instead classifies the Loan Agreement as "Senior Loans" that bear interest at five percent (5%) per annum.

24. If the IALA is not corrected to reflect the parties' intent and agreement, Borrower will be harmed.

25. Borrower respectfully requests that the Court reform the IALA to reflect the parties' intent and include the Loan Agreement on Exhibit G as Insurance Hold Co-Related Debt that bears no interest.

## PRAYER

WHEREFORE Counter-Plaintiff Academy Financial Assets, LLC prays that the Court reform the IALA to reflect the parties' intent by including the Loan Agreement on Exhibit G as Insurance Hold Co-Related Debt that bear no interest, and for such other and further relief as the Court may deem just and proper.

28009784v2 92132.118.34

Respectfully submitted,

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin
N.C. Bar No. 50019
atobin@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: 214.265.3800
Facsimile: 214.694.6311

Matthew Nis Leerberg
N.C. Bar No. 35406
mleerberg@foxrothschild.com
**FOX ROTHSCHILD LLP**
434 Fayetteville St., Suite 2800
Raleigh, North Carolina 27601
Telephone: 919.755.8700
Facsimile: 919.755.8800

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been served on counsel for Plaintiff on June 28, 2023.

    Camden R. Webb
    Alexander M. Gormley
    Lauren E. Fussell
    Williams Mullen
    301 Fayetteville, Street, Ste 1700 (27601)
    P.O. Box 1000
    Raleigh, NC 27602
    *Attorneys for Plaintiff*

                                        */s/ Aaron Z. Tobin*
                                        Aaron Z. Tobin

28009784v2 92132.118.34